# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID E. KIDD,

            Petitioner,      :    Case No. 3:18-cv-131

  - vs -                           District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution

                                :

            Respondent.

## REPORT AND RECOMMENDATIONS; ORDER DENYING APPOINTMENT OF COUNSEL AND EXPANSION OF THE RECORD

      This is a habeas corpus case brought *pro se* by Petitioner David E. Kidd. Mr. Kidd filed his Petition in the Eastern Division of this Court, but it was transferred to the Dayton location of court by Chief Magistrate Judge Elizabeth Preston Deavers because Kidd's conviction was in the Clark County Common Pleas Court and the proper venue for the case is therefore is Dayton (ECF No. 4). Upon transfer the case was automatically referred to the undersigned under General Order DAY 13-01.

      Rule 2(d) of the Rules Governing Proceedings Under 28 U.S.C. § 2254, commonly referred to as the Habeas Rules, expressly provides that the "petition must substantially follow either the standard form appended to these rules or a form prescribed by a local district-court rule." This Court has not adopted a local form, so the national form is required. Kidd has not complied with that Rule, but has filed a thirty-four page Petition in narrative form with a great deal of legal

1

argument included. While the Court will attempt to discern the necessary information from the Petition as filed, it reserves the authority to require compliance with Rule 2(d).

Kidd avers that he was indicted by the Clark County grand jury on one count of trafficking in cocaine, one count of possessing cocaine, and one count of having weapons under disability (Petition, ECF No. 1, PageID 2). After losing a motion to suppress, Kidd pleaded guilty to an amended count of possessing cocaine and the weapons charge. He was sentenced to six years imprisonment on the possession charge and thirty months on the weapons charge, to be served consecutively. He did not take a direct appeal, but filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 alleging "fraud on the court." On April 13, 2016, he filed affidavits of disqualification on both Clark County Common Pleas Judges which the Chief Justice of the Ohio Supreme Court denied. His petition was dismissed on res judicata grounds and he appealed to the Ohio Second District Court of Appeals. That court affirmed the dismissal of the petition. *State v. Kidd*, 2017-Ohio-6996, 2017 Ohio App. LEXIS 3108 (2nd Dist. Jul. 28, 2017), appellate jurisdiction declined, 151 Ohio St. 3d 1458 (2017).

In his appeal, Kidd raised two assignments of error:

> **[*P8]** Kidd's two assignments of error are interrelated and will be addressed together. Kidd's First Assignment of Error states:
>
> JUDGE RASTATTER'S FAILURE TO RECUSE HIMSELF UNDER THE CIRCUMSTANCES OF THIS CASE VIOLATED PETITIONER'S FOURTEENTH AMENDMENT DUE PROCESS RIGHTS WHICH CONSTITUTES AN ABUSE OF DISCRETION.
>
> **[*P9]** Kidd's Second Assignment of Error states:
>
> THE TRIAL COURT JUDGE ABUSED HIS DISCRETION WHEN HE DISMISSED APPELLANT'S POST CONVICTION PETITION WHICH INVOLVED FRAUD UPON THE COURT WHERE SAID JUDGE WAS A PARTY TO THE FRAUD.

*Kidd, supra.*

In opposing these two Assignments of Error, the State of Ohio asserted (1) that only the Chief Justice of the Ohio Supreme Court has authority to disqualify a common pleas court judge; (2) that Kidd waived the issue by not filing an affidavit of disqualification prior to his conviction and sentence; and (3) that Kidd's claims were either waived by his guilty plea or barred by *res judicata* by his failure to raise them on direct appeal. *Id.* at ¶ 10.

The Second District determined that the State's *res judicata* defense was decisive. Relying on Ohio precedent reaching back to *State v. Perry*, 10 Ohio St. 2d 175 (1967), it noted Ohio's long-standing rule that claims that could have been raised and resolved on direct appeal are barred by *res judicata* from later consideration in post-conviction. *Kidd, supra,* at ¶ 12. It also noted that Ohio Chief Justice Maureen O'Connor had decided the merits of Kidd's disqualification in a reasoned opinion, concluding that the bias claim was waived because it had not been raised as soon as Kidd was aware of the facts supporting it and, in any event, the cited facts did not establish a basis for disqualification. *Id.* at ¶ 13.

## Analysis

Habeas Rule 4 provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Kidd pleads one ground for habeas corpus relief as follows:

    Ground for Relief 1:

3

> Petitioner has grounds for an independent action, since he did raise the relevant factual allegations during the state court proceedings and again here in his original federal habeas petition the allegations of His fraud on the court claim of misconduct alleges parties that were officers of the court have entered into a conspiratorial relationship to deny his constitutional rights to a fair trial.

Upon initial scrutiny, it appears to the Magistrate Judge that this claim is barred by Kidd's procedural defaults in presenting it to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir.

2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a relevant procedural rule, to wit, that matters which could have been raised on direct appeal but were not are barred by *res judicata. State v. Perry, supra*. The Second District, which rendered the last decision in the Ohio courts on Kidd's claim, plainly applied the *res judicata* bar to that claim. The Sixth Circuit has repeatedly held that *res judicata* is an adequate and independent ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v.*

5

*Ishmail*, 67 Ohio St. 2d 16 (1981).

    Kidd begins his argument in support of this Ground for Relief by asserting that there are adequate grounds for "an independent action for relief" which he says is an equitable remedy. He appears to be referring to an independent action for relief from a civil judgment such as is referred to in Fed. R. Civ. P. 60(d)(1). The difficulties with this approach are that it only applies to civil judgments, which is not in issue here, and this Court does not have subject matter jurisdiction to entertain an independent action for relief from a judgment because the State of Ohio is immune from such an action under the Eleventh Amendment. If what Petitioner is trying to do is to file an "independent action" in this Court for relief from the Clark County judgment in some way other than by writ of habeas corpus, this Court lacks subject matter jurisdiction to entertain the action.

    Of course, Petitioner expressly says he wishes to proceed in habeas corpus and a federal habeas action is "independent" of the underlying state court criminal judgment. *Brown v. Allen*, 344 U.S. 443 (1953). Furthermore, the very essence of the habeas corpus action under 28 U.S.C. § 2254 is to release from state custody a person who has been placed there by an unconstitutional state court judgment. Kidd is also correct that the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") "does not bar a petition for habeas corpus based upon fraud upon the court." (Petition, ECF No. 1, PageID 3).

    Petitioner asserts that he "still has not received a valid decision from the court of Common Pleas as to the issues he presented in that Post-Conviction Petition." *Id.* at PageID 10. As the Magistrate Judge understands this claim, it is that the one-page Entry by Judge Rastatter dismissing his post-conviction petition (attached to the Petition here as Exhibit A, PageID 36) does not satisfy the requirements for a decision on a petition under Ohio Revised Code § 2953.21. That claim does not state a ground upon which habeas corpus relief can be granted. Habeas relief is limited to

claims under the United States Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Constitution does not prescribe any particular form of state post-conviction relief and any claim that this Entry was insufficient under state law should have been raised on appeal. As noted above, Kidd raised only two assignments of error and neither one spoke directly to the form of Judge Rastatter's decision.

Kidd avers that "[t]he main issues involved in this case surround the way the search warrants were obtained." (Petition, ECF No. 1, PageID 10). Ohio provides a mechanism for litigating Fourth Amendment claims about how search warrants are obtained, to wit, by filing a motion to suppress, which is what Kidd's trial attorney did. The Sixth Circuit has held that Ohio's motion to suppress process provides a full and fair opportunity to litigate Fourth Amendment issues such as the propriety of a search warrant. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).

Once Kidd's motion to suppress was denied (by a Common Pleas judge other than Judge Rastatter, the judge who issued the search warrant), Kidd elected to accept a plea agreement and actually pleaded guilty to the offenses for which he was sentenced. Kidd has not attacked the constitutionality of that plea.

A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757

7

(6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). "[A] voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012). After entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent nature of the plea itself. *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266.

Kidd also attacks the performance of his trial attorney, Jon Paul Rion, asserting Rion participated in the conspiracy to deprive Kidd of his constitutional rights (Petition, ECF No. 1, PageID 10, et seq.). Kidd does not advert to any place in the state court proceedings where he raised a claim of ineffective assistance of trial counsel. If such a claim were based on matter which appeared of record (i.e. Kidd's claim that Rion improperly stipulated to the authenticity of the search warrants here), that claim was required to be raised on direct appeal, and Kidd took no direct appeal. If, on the other hand, that ineffective assistance of trial counsel claim is based on evidence outside the record, Kidd either forfeited the claim by not including it in his post-conviction petition[1] or by not appealing on that point from Judge Rastatter's decision.

Kidd spends considerable space in the Petition claiming that the affidavits supporting the search warrant are insufficient as a matter of law. As indicated above, Kidd forfeited that claim

---

[1] Kidd has not supplied this Court with a copy of his post-conviction petition.

when, after losing on the motion to suppress, he pleaded guilty.

Kidd also spends considerable space discussing the general standards for recusal or disqualification of a judge (Petition, ECF No. 1, PageID 22-23). However, he cites no facts beyond those he cited to Chief Justice O'Connor in his Affidavit of Disqualification directed to Judge Rastatter other than that "Judge Rastatter was directly familiar with Petitioner and the alleged co-defendant Howard Crawley, who he coached as a juvenile baseball player in Clark County." (ECF No. 1, PageID 32). The first part of this sentence gives no facts about what Kidd means by "directly familiar"; the second part of the sentence perhaps states a problem about whether Judge Rastatter was disqualified from hearing Crawley's case, not Kidd's.

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). The fact that a judge has prior acquaintance with a litigant based on that litigant's prior involvement in court cases is not a basis for disqualification. If it were, every repeat offender in a municipal court would be entitled to a new judge on every new charge. That has never been the law. As Chief Justice O'Connor noted, a judge is not disqualified even from hearing a motion to suppress on a search warrant that he issued, although Judge Rastatter recused himself from considering that motion in this case.

Kidd concludes "[t]he Record shows that all of the Ohio Court's [sic] used res judicata to

when, after losing on the motion to suppress, he pleaded guilty.

Kidd also spends considerable space discussing the general standards for recusal or disqualification of a judge (Petition, ECF No. 1, PageID 22-23). However, he cites no facts beyond those he cited to Chief Justice O'Connor in his Affidavit of Disqualification directed to Judge Rastatter other than that "Judge Rastatter was directly familiar with Petitioner and the alleged co-defendant Howard Crawley, who he coached as a juvenile baseball player in Clark County." (ECF No. 1, PageID 32). The first part of this sentence gives no facts about what Kidd means by "directly familiar"; the second part of the sentence perhaps states a problem about whether Judge Rastatter was disqualified from hearing Crawley's case, not Kidd's.

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). The fact that a judge has prior acquaintance with a litigant based on that litigant's prior involvement in court cases is not a basis for disqualification. If it were, every repeat offender in a municipal court would be entitled to a new judge on every new charge. That has never been the law. As Chief Justice O'Connor noted, a judge is not disqualified even from hearing a motion to suppress on a search warrant that he issued, although Judge Rastatter recused himself from considering that motion in this case.

Kidd concludes "[t]he Record shows that all of the Ohio Court's [sic] used res judicata to

when, after losing on the motion to suppress, he pleaded guilty.

Kidd also spends considerable space discussing the general standards for recusal or disqualification of a judge (Petition, ECF No. 1, PageID 22-23). However, he cites no facts beyond those he cited to Chief Justice O'Connor in his Affidavit of Disqualification directed to Judge Rastatter other than that "Judge Rastatter was directly familiar with Petitioner and the alleged co-defendant Howard Crawley, who he coached as a juvenile baseball player in Clark County." (ECF No. 1, PageID 32). The first part of this sentence gives no facts about what Kidd means by "directly familiar"; the second part of the sentence perhaps states a problem about whether Judge Rastatter was disqualified from hearing Crawley's case, not Kidd's.

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). The fact that a judge has prior acquaintance with a litigant based on that litigant's prior involvement in court cases is not a basis for disqualification. If it were, every repeat offender in a municipal court would be entitled to a new judge on every new charge. That has never been the law. As Chief Justice O'Connor noted, a judge is not disqualified even from hearing a motion to suppress on a search warrant that he issued, although Judge Rastatter recused himself from considering that motion in this case.

Kidd concludes "[t]he Record shows that all of the Ohio Court's [sic] used res judicata to

by pass petitioner's Constitutional Claims, and petitioner earlier in this Petitions [sic] has shown that this Court may review that by pass." The Magistrate Judge has reviewed the reliance of the Ohio courts on *res judicata* and found that it was proper under long-standing federal law. Kidd has not shown cause and prejudice to excuse his failure to take a direct appeal or his entry of a bargained-for guilty plea.

**Motion for Appointment of Counsel**

Petitioner seeks appointment of counsel to represent him in this case "for the sole purpose of the anticipated Evidentiary Hearing on this matter and also counsel may be of great assistance in obtaining said document.[2]" (ECF No. 2, PageID 70). If an evidentiary hearing were to be held in this case, the Court's Criminal Justice Act Plan would support appointment of counsel. But because the Magistrate Judge recommends dismissal on initial review, no such hearing will be held unless the assigned District Judge rejects that recommendation. The Motion for Appointment of Counsel (ECF No. 2) is DENIED.

**Motion to Expand the Record**

In his Motion to Expand the Record (ECF No. 3), Petitioner "request[s] the State to turn over all Affidavits from the Motion to Suppress Hearing that dealt with the Warrants to search various residences." *Id.* at PageID 72. The Magistrate Judge has recommended that the Petition be dismissed without requiring the Attorney General to provide the state court record. If, however,

---

[2] The reference is to the documents sought in the Motion to Expand the Record (ECF No. 3).

that recommendation is not adopted and the record is required to be produced, the Court would expect those Affidavits to be part of the record. If they are not, Petitioner may renew his motion. For the present, however, the Motion to Expand the Record is DENIED.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 20, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or

such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).