# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID E. KIDD,

        Petitioner,    :    Case No. 3:18-cv-131

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution

                    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 6) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (ECF No. 5). Judge Rose has recommitted the case to the Magistrate Judge pursuant to Fed. R. Civ. P. 72(b)(3) for reconsideration in light of the Objections (ECF No. 7).

The Report recounted the procedural history of the case and concluded habeas corpus relief was precluded by Kidd's failure to appeal directly from his bargained-for guilty plea (ECF No. 5, PageID 84). Kidd raises no objection to the substance of the Report. Instead, he claims that "[t]he Magistrate had no authority to have issued the Report and Recommendation dated April 20, 2018." (Objection, ECF No. 6, PageID 89). Thus he concludes that the "report and recommendation must be dismissed as contrary to Habeas Corpus Rule 4 and withdrawn." *Id.*

When a case is filed with the Clerk at the Dayton location of court, either originally or by transfer as this case was, the Clerk randomly assigns the case to one of the two District Judges resident at the Dayton location of court, either Judge Walter H. Rice or Judge Thomas M. Rose.

1

The Dayton location of court has a General Order, DAY 13-01, that provides that all civil cases, at the same time they are assigned to a District Judge, shall also be randomly assigned to one of the Dayton resident Magistrate Judges. The same General Order refers some cases by category to the Magistrate Judges; other civil cases may later be referred to a Magistrate Judge at the time of the preliminary pretrial conference. As to the scope of the reference, the General Order provides:

> Pursuant to 28 U.S.C. §636(b), the following categories of cases filed at the Dayton location of court are referred by this Order to the United States Magistrate Judge to whom the case has been assigned who is authorized to perform in each such case any and all functions authorized for full-time United States Magistrate Judges by statute. In each such case the Magistrate Judge shall proceed in accordance with Fed. R. Civ. P. 72.

*Id.* at p. 3. The text of this Order is available on the Court's website, www.ohsd.uscourts.gov. The Order then lists the categories of cases referred and provides for referral of "All cases collaterally attacking a criminal judgment, including without limitation those filed under 28 U.S.C. §§ 2241, 2254, or 2255. All such cases shall be assigned and are referred to Magistrate Judge Merz." *Id.* at p. 4.

28 U.S.C. § 636(b)(1)(B) provides "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition by a judge of the court . . . of applications for posttrial relief made by individuals convicted of criminal offenses . . . ."

Thus the District Judges at Dayton have by written order available to the general public referred all habeas corpus cases for recommended disposition. This includes dispositions under Rule 4 of the Rules Governing Habeas Corpus Cases. Habeas Rule 10 expressly provides that "[a] magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."

**Conclusion**

Because the Report was issued in complete compliance with applicable procedural law, Kidd's Objections are without merit and should be OVERRULED.

May 3, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).