# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID E. KIDD,

        Petitioner,    :    Case No. 3:18-cv-131

  - vs -                           District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution

                                 :

        Respondent.

# SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 9) to the Magistrate Judge's Supplemental Report and Recommendations recommending dismissal of the Petition (ECF No. 8). Judge Rose has again recommitted the case to the Magistrate Judge pursuant to Fed. R. Civ. P. 72(b)(3) for reconsideration in light of the Objections (ECF No. 10).

The original Report (ECF No. 5) recounted the procedural history of the case and concluded habeas corpus relief was precluded by Kidd's failure to appeal directly from his bargained-for guilty plea (ECF No. 5, PageID 84). In his first set of Objections (ECF No. 6), Kidd raised no problems with the substance of the Report. Instead, he claimed that "[t]he Magistrate had no authority to have issued the Report and Recommendation dated April 20, 2018." (Objection, ECF No. 6, PageID 89). Thus he concluded that the "report and recommendation must be dismissed as contrary to Habeas Corpus Rule 4 and withdrawn." *Id.* In the Supplemental Report, the Magistrate Judge explained how he had authority to issue the Report (ECF No. 8).

1

In his latest Objections, Kidd says in response to the Supplemental Report, "Authority versus Authorization, let's get past that and focus on the issues at hand, the Magistrates Analysis, Decision dated April 18, 2018." In other words, Kidd now wants to deal with the substance of the original Report, not the Supplemental Report. However, his deadline for objecting to the substance of the original Report was May 4, 2018, and he did not file the current Objections until May 21, 2018. By not objecting to the substance of the original Report within the time allowed by law, Kidd has forfeited his opportunity to raise substantive objections. A litigant cannot object to only one portion of a report and recommendations, then raise new objections if the case is recommitted.

Even if Petitioner had not forfeited his objections by failing to raise them in a timely manner, they would be without merit. They will be considered seriatim below.

Beginning at PageID 98, Kidd inserts multiple pages of text lifted from one or more court opinions, without citing which decision is being quoted, although there are internal citations to some Supreme Court decisions, all of which predate adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). For the most part, Kidd seems to be asserting the authority of this habeas corpus court to review the state court proceedings de novo and to conduct an evidentiary hearing to do so. That may have been the law under the Act of February 5, 1867 (cited by Kidd at PageID 100) or under *Brown v. Allen*, 344 U.S. 443 (1953), or *Townsend v. Sain,* 372 U.S. 293 (1963). But that has very much changed since adoption of the AEDPA which severely restricts evidentiary hearings in these cases and even more since *Cullen v. Pinholster*, 563 U.S. 170 (2011). The AEDPA governs most aspects of habeas corpus procedure since its adoption in 1996.

Kidd's second objection is to the original Report's conclusion that a federal court cannot entertain an "independent action" to vacate a state criminal judgment aside from habeas corpus.

The authority he cites, however, speaks to vacation of civil judgements by the courts that entered them in the first place (See ECF No. 9, PageID 106). He cites *Buell v. Anderson,* 2002 WL 31119679 (6th Cir. 2002), but in that case the Sixth Circuit expressly decided a state court petitioner could not bring an independent action in equity in federal court based on allegations of fraud by the state court judge who entered judgment. There is simply no authority for a state court criminal defendant to bring an "independent action in equity" to obtain relief from the state court judgment. Our authority is limited to granting the writ of habeas corpus.

**Conclusion**

Petitioner's Objections are not well taken and should be overruled. Because reasonable jurists would not disagree with this conclusion or the conclusions in the two prior Reports, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 22, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days

because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).