# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID E. KIDD,

               Petitioner,      :      Case No. 3:18-cv-131

   - vs -                               District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution

                                   :

               Respondent.

## ORDER DENYING MOTION TO DISQUALIFY

This habeas corpus case is before the Court on Petitioner's Affidavit/Motion to Disqualify (ECF No. 13). A motion to recuse or disqualify is in federal court always to be considered in the first instance by the judge sought to be removed.

As grounds for disqualification, Petitioner asserts that

> [I]n every instance where a *pro se* litigant has brought to the attention of the Federal Courts some instance where Judge Rastatter has been an active participant in the State Court proceedings, Magistrate Judge Merz has decided that the Claims should be summarily dismissed at his stage of the Proceedings, DENYING PETITIONER ACCESS TO THIS COURT.

The procedure for disqualifying a federal judge is well established. Under 28 U.S.C. § 144 the party seeking disqualification must make an affidavit of personal bias or prejudice, accompanied by his counsel's certificate that the affidavit is made in good faith. When a party is proceeding *pro se*, no counsel's certificate is required. While the affidavit is directed in the first instance to the judicial officer sought to be disqualified, if it is timely and legally sufficient, recusal

1

is mandatory; the truth of the facts set forth in the affidavit are not drawn in question, but only their legal sufficiency. 13A C. Wright, A. Miller, and E. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2D, §§ 3541, et seq., particularly § 3550. To be legally sufficient under § 144, assertions in an affidavit must be definite as to time, place, persons, and circumstances. *Berger v. United States*, 255 U.S. 22, 34-35 (1921). Such detail is necessary to prevent abuse of § 144. *Grimes v. United States*, 396 F.2d 331 (9th Cir. 1968). One distinguished court has held that the appropriate level of detail is the same as required in a bill of particulars. *United States v. Mitchell*, 377 F. Supp. 1312, 1316 (D.C. 1974)(Sirica, J.), *aff'd. sub. nom. United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra*; *Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. [563,] . . . 583, 86 S.Ct. [1698,] . . . 1710 (1966). ... Second, opinions formed by the judge on the basis of facts

introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard).

Petitioner's Affidavit contains no fact showing a personal bias or prejudice against him or in favor of Judge Rastatter. In fact, I have never met either man or had any dealings with either one except in the course of performing my judicial duties for this Court. Petitioner's Affidavit/Motion is legally insufficient in that it contains no facts relating to any personal or extrajudicial bias.

The Motion contains no additional facts, but the contemporaneously filed Opposition to Second Supplemental Report and Recommendations (ECF No. 12) lists the following cases as those to which Petitioner refers:

> *Gunnell v. Rastatter*, 2008 U.S. Dist. LEXIS 118428 (S.D. Ohio Sept. 17, 2008), aff'd., 2010 U.S. App. LEXIS 19819 (6th Cir. 2010)
> *Kidd v. Shoop*, 2018 U.S. Dist. LEXIS 66620(S.D. Ohio May 3, 2018) – this case.
>
> *Dever v. Kelly*, 566 F. Supp. 2d 703 (S.D. Ohio 2008) – adopted by Judge Rose.
>
> *Eggers v. Warden*, 2015 U.S. Dist. LEXIS 70546 (S.D. Ohio Jun. 1, 2015) - adopted by Judge Rose at 2015 U.S. Dist. LEXIS 103291 (S.D. Ohio Aug. 6, 2015), aff'd 2016 U.S. App. LEXIS 11182 (6th Cir. 2016).
>
> *Vanover v. Brunsman*, 2009 U.S. Dist. LEXIS 131433(S.D. Ohio Dec. 21, 2009) and 2010 U.S. Dist. LEXIS 143858 (S.D. Ohio Jan. 7, 2010); adopted by Judge Rice 2011 U.S. Dist. LEXIS 109121 (Sept. 26, 2011), aff'd. 2012 U.S. App. LEXIS 21930 (6th Cir. 2012).
>
> *Boyce v. Timmerman-Cooper*, 2012 U.S. Dist. LEXIS 120221 (S.D. Ohio Aug. 24, 2012); 2012 U.S. Dist. LEXIS 125730 (S.D. Ohio Sept. 5, 2012); and 2013 U.S. Dist. LEXIS 10284 S.D. Ohio Jan. 25,

2013) – adopted by District Judge Black without objection by Petitioner, 2013 U.S. Dist. LEXIS (S.D. Ohio Feb. 22, 2013).

*Hazel v. Warden*, 2014 U.S. Dist. LEXIS 113597 (S.D. Ohio Aug. 15, 2014) – adopted by District Judge Black, 2014 U.S. Dist. LEXIS 135205 (Sept. 24, 2014).

*Duncan v. Hooks*, 2018 U.S. Dist. LEXIS 41894 (S.D. Ohio Mar. 14, 2018) – still pending.

*Jones v. Warden, Ross Corr. Inst.*, 2017 U.S. Dist. LEXIS 50341 (S.D. Ohio Apr. 3, 2017) - adopted by District Judge Rice, 2017 U.S. Dist LEXIS 65360 (S.D. Ohio Apr. 28, 2017), certificate of appealability denied by Sixth Circuit, 2017 U.S. App. LEXIS 24542 (6th Cir. Dec. 4, 2017).

*Hill v. Rastatter*, 2012 U.S. Dist. LEXIS 81683; 2012 U.S. Dist. LEXIS 149121; 2012 U.S. Dist. LEXIS 137642; 2013 U.S. Dist. LEXIS 25416; 2013 U.S. Dist. LEXIS 32235; and 2013 U.S. Dist. LEXIS 39882 - case assigned to Magistrate Judge Michael Newman.

*Jennings v. Rastatter*, 2014 U.S. Dist. LEXIS 33744 – case assigned to Magistrate Judge Karen L. Litkovitz.

Thus each case which allegedly shows my bias either was not assigned to me or had my recommendations adopted by every District Judge who considered them and also by the Sixth Circuit in every case appealed to it. Those recommendations had nothing to do with the fact that the trial judge was Judge Rastatter.

In addition to having no factual basis, Petitioner's Motion is based on unsound legal premises. He appears to believe that a habeas corpus petitioner is entitled by his right to access the courts to some procedure or consideration beyond what Petitioner has received in this case. He believes, for example, that not allowing his case to proceed "at least to the Answering stages by the State" impinges on his right of access. (ECF No. 12, PageID 117.) He concludes "Petition[er] has an absolute right to address his grievances to the Courts and those Courts' doors should never be foreclosed to him forever, as is being done here." *Id.*

A litigant's right of access to the courts implies is a right to place claims before a court and have those claims decided according to law. In this case, no one barred Mr. Kidd from filing his Petition. Even though he did not follow Habeas Rule 2(d) in the form in which he presented his claims, the Magistrate Judge accepted the narrative form he used and proceeded to process the case under Habeas Rule 4.

Habeas Rule 4 requires that District Courts screen habeas corpus petitions before ordering the State to answer. A Magistrate Judge to whom a Rule 4 assessment is referred cannot just decide to bypass that review and order the State to answer. The Habeas Rules are promulgated by the United States Supreme Court under the Rules Enabling Act and impose mandatory duties on District Courts. Every federal judge takes an oath to uphold the Constitution. One of the most central concepts of our Constitution is the rule of law under which orders of the Supreme Court, such as the Rules Governing § 2254 Cases, are binding on lower court judges. No court has ever held that Rule 4 is discretionary or an unconstitutional infringement on the right of access to the courts.

Because Petitioner's Motion does not demonstrate a disqualifying bias, the Motion to Disqualify is DENIED.

June 12, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge