# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DAVID E. KIDD,

                Petitioner,           :    Case No. 3:18-cv-131

    - vs -                      District Judge Thomas M. Rose
                                         Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution

                              :
                Respondent.

---

# REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

---

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 21). As a post-judgment motion, it is deemed referred to the assigned Magistrate Judge under 28 U.S.C. § 636(b)(3) for a recommended disposition, rather than a decision.

Because the Motion claims error in this Court's prior judgment, rather than raising a new habeas corpus claim, the Court is not precluded from considering it by the second-or-successive rule of 28 U.S.C. § 2244(b). *Gonzalez v. Crosby,* 545 U.S. 524 (2005).

Fed.R.Civ.P. 60(b) provides

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Petitioner expressly relies on Rule 60(b)(6) (Motion, ECF No. 21, PageID 172). It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426, 431 (1960); *Ackerman v. United States*, 340 U.S. 193, 198-99 (1950). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539, 543 (6th Cir. 2004); *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Relief is warranted "only in exceptional or extraordinary circumstances not addressed by the first five numbered clauses of the Rule. *Hopper*, 867 F.2d at 294.

Petitioner claims entitlement to relief from judgment in the ground that District Judge Rose did not conduct the de novo review of the Magistrate Judge's Report and Recommendations (ECF Nos. 5, 8, and 11) which is required by Fed.R.Civ.P. 72(b) (Motion, ECF No. 32, PageID 170). In his Entry and Order overruling Petitioner's Objections, adopting the Reports and

Recommendations, and ordering the entry of judgment, Judge Rose wrote:

> As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that Kidd's Objections (Docs. 6, 9, 12) to the Report (Doc. 5), Supplemental Report (Doc. 8), and Second Supplemental Report (Doc. 11) are not well-taken and are hereby OVERRULED.

(Entry and Order, ECF No. 15, PageID 130). Petitioner apparently believed, at the time judgment was entered, that Judge Rose had not in fact conducted a de novo review, and he sought to appeal on that question. Because this is a habeas corpus case, he required a certificate of appealability to proceed and sought such a certificate from the Sixth Circuit. That court denied a certificate on that issue, holding:

> Kidd also argues that the district court did not conduct a de novo review of his claim. Contrary to Kidd's argument, however, the district court expressly stated that it made a de novo review of the record as required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). Although Rule 72(b) does not apply to habeas corpus petitions, see Fed. R. Civ. P. 72 advisory committee's notes, Rule 10 of the Rules of § 2254 states that a magistrate judge may perform the duties of a district court judge, as authorized under § 636. Pursuant to § 636(b)(1)(C), the district court "make[s] a de novo determination" if a party objects to a magistrate judge's report and recommendation. There is nothing to suggest that the de novo review of Rule 72 is any different than that mandated by § 636(b)(1)(C). There is also nothing to suggest that the district court did not conduct a de novo review when it ruled upon Kidd's objections to the magistrate judge's reports and recommendations. This issue does not deserve encouragement to proceed further.

*Kidd v. Shoop,* Case No. 18-3777 (6th Cir. Dec. 19, 2018) (unreported; copy at ECF No. 19, PageID 163).

Denial of a certificate of appealability by the court of appeals "becomes the law of the case, binding in subsequent stages of the litigation." *Dillingham v. Jenkins,* Case No. 17-3813 (6th Cir. Nov. 8,2017) (unreported; copy at Case No. 1:13-cv-468, ECF No. 65), citing *Moore v. Mitchell,*

848 F.3d 774, 776 (6th Cir. 2017).  Thus it is the law of this case that Judge Rose's holding that he

conducted a de novo review of the portions of the Reports objected to is sufficient; an asserted

insufficiency of that review is not a valid basis for disturbing the judgment.  On that basis,

Petitioner's Motion should be DENIED.


February 25, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).