# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID E. KIDD,

    Petitioner,  :  Case No. 3:18-cv-131

 - vs -        District Judge Thomas M. Rose
            Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
 Chillicothe Correctional Institution

             :

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration (ECF No. 24) directed to the Court's Order Adopting Report and Recommendations (ECF No. 23) which in turn adopted the Magistrate Judge's Report and Recommendations (ECF No. 22) which recommended denying Petitioner's Motion for Relief from Judgment (ECF No. 21). The Motion for Reconsideration is timely filed as a motion under Fed.R.Civ.P. 59(e) because it was filed April 15, 2019. As a post-judgment motion, it is referred to the Magistrate Judge for a recommended disposition under Fed.R.Civ.P. 72(b)(3).

In the body of the Motion, Petitioner reiterates the claims he made in his Motion for Relief from Judgment, to wit, that his Objections (ECF No. 12) to the Magistrate Judge's Second Supplemental Report and Recommendations (ECF No. 11) did not receive the de novo determination from the District Judge to which they were entitled by law before the Judge dismissed the case. Those claims are completely untimely. The Motion for Relief from Judgment was filed February 25, 2019. The Magistrate Judge recommended denying it on February 25,

1

2019, and gave Petitioner notice that any objections were due not later than seventeen days later (ECF No. 22, PageID 176). As is recited by Judge Rose in the Order Adopting Report and Recommendations, no objections were filed within that time (ECF No. 23, PageID 177). Petitioner is thus not entitled to a de novo determination of the Magistrate Judge's Report on his Motion for Relief from Judgment because he made no timely objections to that Report. Neither the Magistrate's Act (28 U.S.C. §§ 631, *et seq.*) nor Fed.R.Civ.P. 72 requires review when no objections were made, and none were made here.

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.); *Buckle Up Festival, LLC, v. City of Cincinnati*, 336 F. Supp. 3d 882, 885 (S.D. Ohio 2012)(Barrett, J.). See also *Louisville/Jefferson Cty. Metro Govt. v. Hotels.com L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).

Petitioner has shown no error of law in the Order complained of. Therefore Petitioner's Motion for Reconsideration should be denied.

April 15, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).